```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEVAN BRET PALMER

                Plaintiff,         1:17-cv-00813-MAT
        -v-                        **DECISION AND ORDER**

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.
_____
```

**INTRODUCTION**

Devan Bret Palmer ("Plaintiff"), represented by counsel, brings this action under Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "defendant"), denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order and Defendant's motion is denied.

## PROCEDURAL BACKGROUND

On April 19, 2013, Plaintiff protectively filed for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI"), alleging disability beginning November 30, 2010 due to Prinzmetal angina, lower back pain, right knee pain, and obesity. Administrative Transcript ("T.") 201-05. The claim was initially denied on September 6, 2013, and Plaintiff timely requested a hearing. T. 92-100. On August 4, 2015, a hearing was conducted in Buffalo, New York by administrative law judge ("ALJ") Eric L. Glazer. T. 45-62. Plaintiff appeared via video teleconference from Jamestown, New York with his attorney and testified. A second hearing was held in continuation of the first hearing on November 10, 2015. Again, ALJ Glazer held the hearing in Buffalo, New York and Plaintiff appeared with his attorney and testified from Jamestown, New York. A vocational expert ("VE") also testified. T. 32-44.

The ALJ issued an unfavorable decision on March 24, 2016. T. 14-31. Plaintiff timely requested review of the ALJ's decision by the Appeals Council ("AC"). The AC denied Plaintiff's request for review on June 22, 2017, making the ALJ's decision the final decision of the Commissioner. T. 1-5. Plaintiff then timely commenced this action.

**THE ALJ'S DECISION**

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. §§ 404.1520(a) and 416.920(a). Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through September 30, 2015. T. 19.

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of November 30, 2010. *Id*.

At step two, the ALJ determined that since the alleged onset date, Plaintiff suffered from the "severe" impairments of angina pectoris without ischemic heart disease, and substance addiction disorder. *Id*. The ALJ also found that Plaintiff's medically determinable impairments of obesity and anxiety disorder did not cause more than minimal limitations on his ability to perform basic work activities and therefore were non-severe. T. 19-20.

At step three, the ALJ found that since the alleged onset date, Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 21. The ALJ specifically considered Listings 4.04 (Ischemic Heart Disease), and 12.00 (Mental Disorders). T. 20-21.

Before proceeding to step four, the ALJ assessed that Plaintiff had the residual functional capacity ("RFC") to perform

3

less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations: able to lift and carry, push and pull twenty pounds occasionally and ten pounds frequently; able to sit for six hours in an eight-hour day, stand for six hours in an eight-hour day, and walk for six hours in and eight-hour day; able to climb ramps and stairs occasionally; able to climb ladders and scaffolds, stoop, kneel and crouch only incidentally, that is one-sixth of an eight-hour day; must never be exposed to extreme cold or extreme heat; must not perform repetitive twisting or bending through the lumbar spine; must not be asked to perform unaccustomed physical activities suddenly; limited to simple work-related decisions; able to respond appropriately to co-workers and the public occasionally; able to respond appropriately to changes in the work setting occasionally; must be allowed a two-minute break each hour, taken at the work station, in addition to normal breaks, for deployment of medical provider-recommended stress and pain management techniques. T. 21.

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work as a park maintenance worker, hand packer, or block cleaner. T. 24.

At step five, the ALJ relied on the VE's testimony to find that, taking into account Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform,

4

including the representative occupations of small products assembler, mail room clerk, and courier messenger. T. 25. Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. T. 26.

**SCOPE OF REVIEW**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172,

179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff contends that remand of this matter is warranted because the ALJ's determination is not supported by substantial evidence. In particular, Plaintiff argues: (1) the ALJ failed to evaluate Plaintiff's back and knee pain at step two; (2) the ALJ failed to properly weigh the opinion of Plaintiff's treating physician, Dr. Robert Berke; (3) the ALJ's entire decision is based on the non-medical opinion of a non-examining state agency single decision maker ("SDM"), who the ALJ incorrectly believed was a physician; and (4) the ALJ's assessment of consultative examiner Dr. Nikita Dave's report is not supported by substantial evidence. For the reasons discussed below, the Court finds the ALJ improperly relied on the opinion of a non-examining SDM, who is not an acceptable medical source, for the basis of his RFC determination and further finds the ALJ's step two error was not harmless. Accordingly, the Court finds that remand of this matter for further administrative proceedings is required.

**I.  The ALJ's Determination is Not Supported by Substantial Evidence**

   **A.  The ALJ Improperly Relied on the Non-Medical Opinion of State Agency Single Decision Maker T. Dudkowski**

Plaintiff contends the ALJ erred by improperly crediting the functional assessment of non-examining state agency SDM

T. Dudkowski, who is not an acceptable medical source, to state agency review psychologist, Dr. T. Bruni. Plaintiff further argues this error was not harmless because the ALJ relied heavily on SDM Dudkowski's assessment to support the RFC determination. For the reasons set forth below, the Court finds this error warrants remand for further administrative proceedings.

As an initial point, the Court notes that "SDMs are non-physician disability examiners who may make the initial disability determination in most cases without requiring the signature of a medical consultant." *Barrett v. Berryhill*, 286 F. Supp.3d 402, 429 (E.D.N.Y. 2018) (internal citations and quotation marks omitted).

On August 13, 2013, SDM Dudkowski completed the RFC portion of Plaintiff's initial assessment and opined Plaintiff was able to: occasionally lift or carry ten pounds; frequently lift or carry less than ten pounds; stand and/or walk for a total of two hours; sit for a total of about six hours; occasionally climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, or crawl; and should avoid concentrated exposure to extreme cold and extreme heat. T. 71-73, 84-86.

On August 21, 2013, Dr. Bruni completed the psychiatric review portion of the initial assessment and opined that Plaintiff did not meet the Listings for 12.06 (Anxiety-Related Disorders) or 12.09 (Substance Addiction Disorders). T. 70, 83. Dr. Bruni further

7

opined that Plaintiff had mild difficulties in maintaining concentration, persistence, or pace. *Id*.

In his decision, the ALJ stated that "T. Bruni, M.D., a medical expert for the state agency, reviewed the evidence of record on August 21, 2013, and concluded that the claimant was capable of sedentary work and that his psychiatric impairment was not severe." The ALJ further noted that he gave Dr. Bruni's opinion "great" weight because it was consistent with the record as a whole and Dr. Bruni had extensive knowledge of the program. T. 24. Given that Dr. Bruni is a psychologist, and not a medical doctor qualified to assess physical limitations, and it was SDM Dudkowski - not Dr. Bruni - who opined to Plaintiff's physical functional limitations, the ALJ erred crediting those limitations to Dr. Bruni as a medical doctor.

More notably, even had the ALJ appropriately credited SDM Dudkowski for the functional limitations he used in his RFC finding, it was clear error for the ALJ to rely on SDM Dudkowski's findings for substantial evidence to support the RFC determination. *See Curtis v. Astrue*, No. 11-CV-786 GTS/VEB, 2012 WL 6098258, at *6 (N.D.N.Y. Oct. 30, 2012), *report and recommendation adopted,* No. 5:11-CV-0786 GTS/VEB, 2012 WL 6098256 (N.D.N.Y. Dec. 7, 2012) (noting that in 2010, the Chief ALJ for the Social Security Administration ("SSA") issued a memorandum citing SSA's Program Operations Manual System ("POMS") Instruction DI 24510.050C and

instructing all ALJs that RFC determinations made by SDMs should not be afforded any evidentiary weight at the administrative hearing level). There is significant case law supporting this directive. *See, e.g.*, *Czerniak v. Berryhill*, No. 17-CV-6123(JWF), 2018 WL 3383410, at *1-2 (W.D.N.Y. July 11, 2018) (ALJ's error classifying the non-examining SDM as a physician was not harmless because the ALJ relied on the opinion in determining plaintiff's RFC); *Gray v. Colvin*, No. 1:13-CV-00955(MAT), 2015 WL 5005755, at *5 (W.D.N.Y. Aug. 20, 2015) (ALJ erred giving weight to the opinion of the SDM, who was not a medical professional); *Buono v. Colvin*, No. 14-CV-2388 FB, 2015 WL 4390645, at *2 (E.D.N.Y. July 15, 2015) ("An RFC determination from an SDM - a non-medical professional - is not entitled to weight as a medical opinion") (citing *Box v. Colvin*, 3 F. Supp.3d 27, 46 (E.D.N.Y. 2014)).

The ALJ's error in mistaking SDM Dudkowski's RFC assessment as that of Dr. Bruni was not harmless. Of the opinion evidence relating to Plaintiff's physical limitations, the ALJ purported to give greatest weight to the opinion he believed was Dr. Bruni's. *See* T. 23-24. Indeed, the ALJ's physical RFC finding closely follows the findings of SDM Dudkowski. *Compare* T. 21 *with* T. 84-86. The ALJ gave only "some" weight to the consultative physical examiner's opinion, and "little" weight to Plaintiff's treating physician's opinion. T. 23-24. As established above, the opinion of SDM Dudkowski was not entitled to any weight and thus, cannot serve

9

as substantial evidence in support of the ALJ's RFC finding. *See Czerniak*, 2018 WL 3383410, at *1-2. Accordingly, the Court finds remand for further administrative proceedings is warranted.

> **B. The ALJ Erred at Step Two by Failing to Evaluate Plaintiff's Medically Determinable Back and Knee Impairments**

Plaintiff also argues the ALJ failed to evaluate his back and knee pain at step two, resulting in a determination not supported by substantial evidence. For the reasons set forth below, the Court finds the ALJ erred at step two and further erred by failing to properly account for Plaintiff's back and knee pain in subsequent steps.

Plaintiff applied for SSI and DIB alleging disability due to Prinzmetal angina, lower back pain, right knee pain, and obesity. T. 201-05. At the August 4, 2015 hearing, Plaintiff testified his back and knee problems were his most serious conditions. T. 56. He further testified that his back and knee symptoms had worsened since he put on weight. T. 58. Plaintiff stated that standing intensified his pain, and he could only sit for about fifteen minutes before needing to stand for a brief period to straighten out. T. 59.

At his consultative examination with Dr. Nikita Dave on August 6, 2013, Plaintiff's chief complaint was low back pain since 1996 due to a work injury, for which he underwent a lumbar spine surgery. T. 470. Plaintiff reported his symptoms resolved for a

period of fifteen years but recurred without trauma about a year-and-a-half prior to the examination. Plaintiff reported his pain was constant and at an eight on a scale of one-to-ten. Plaintiff also noted right knee problems due to a 2005 work injury, for which he underwent reconstructive surgery involving ACL, MCL, and meniscus repair the same year. He stated his knee feels worse with prolonged standing and walking. *Id*.

Dr. Dave diagnosed Plaintiff with: hypertension; history of surgery on his right knee with some intermittent pain; right leg swelling, asymmetric; low back pain status post successful surgery with some recurrence, would benefit from further evaluation as needed; obesity; and Prinzmetal angina. T. 473. Dr. Dave opined Plaintiff had mild to moderate limitations for standing, sitting, bending, and twisting through the lumbar spine. She further opined Plaintiff had mild to moderate limitations for standing, walking, squatting, kneeling, crouching, and climbing ladders due to the right knee. *Id*.

On July 17, 2015, Plaintiff's treating physician, Dr. Berke, completed a physical RFC questionnaire. T. 505-09. Dr. Berke reported Plaintiff's symptoms were back pain and right knee pain. He identified an MRI showing L4-5 disc protrusion and opined Plaintiff's impairments had lasted or were expected to last at least twelve months. T. 505. Dr. Berke opined Plaintiff's pain would frequently interfere with his attention and concentration and

11

that Plaintiff was capable of low stress jobs. Dr. Berke further opined Plaintiff could not lift or stand for long periods of time, could sit for thirty minutes at a time and stand for ten minutes at a time. T. 506. He opined Plaintiff would require a job that permitted shifting positions at will and allow unscheduled breaks every one-to-two hours. Dr. Berke opined Plaintiff was capable of occasionally lifting or carrying up to fifty pounds, and should never twist, stoop, crouch, squat, or climb ladders. T. 507-08. Finally, he opined Plaintiff would likely be absent from work as a result from his impairments or treatment for more than four days per month. Dr. Berke noted that Plaintiff had been experiencing these symptoms and limitations for the past sixteen years. T. 508.

At step two in his decision, the ALJ failed to mention Plaintiff's well-documented knee pain or back pain or prior surgeries. *See* T. 19-21. Instead, the ALJ's step two assessment addressed Plaintiff's angina pectoris without ischemic heart disease, substance abuse disorder, obesity, and anxiety disorder. *Id*. The omission of Plaintiff's well-documented back and knee conditions at step two was error.

Although the claimant bears the burden of proof at step two, the burden is not a heavy one. The Second Circuit has long held that "the standard for finding of severity under Step Two of the sequential analysis is *de minimis* and is intended only to screen out the very weakest cases." *McIntyre v. Colvin*, 758 F.3d 146, 151

12

(2d Cir. 2014) (citing *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995)). However, "the 'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, by itself, sufficient to render a condition 'severe.'" *Taylor v. Astrue*, 32 F. Supp.3d 253, 265 (N.D.N.Y. 2012). An impairment is "not severe" if the medical evidence establishes only a "slight abnormality . . . which would have no more than a minimal effect on an individual's ability to work." Social Security Regulation ("SSR") 85-28, 1985 WL 56856, at *3 (S.S.A. 1985).

An ALJ is required to explicitly identify all impairments supported by substantial evidence at step two, in order to avoid "prejudic[ing] the claimant at later steps in the sequential evaluation process." *Lowe v. Colvin*, No. 6:15-CV-06077(MAT), 2016 WL 624922, at *3 (W.D.N.Y. Feb. 17, 2016) (internal quotation omitted). However, the error of failing to identify an impairment at step two may be harmless if the impairment is considered in subsequent steps. *See Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (alleged step two error was harmless because the ALJ specifically considered the omitted impairments during the subsequent steps); *see also Diakogiannis v. Astrue*, 975 F. Supp.2d 299, 311-12 (W.D.N.Y. 2013) ("[a]s a general matter, an error in an ALJ's severity assessment with regard to a given impairment is harmless when it is clear that the ALJ considered the claimant's

13

impairments and their effect on his or her ability to work during the balance of the sequential evaluation process") (internal quotations and punctuation omitted).

Plaintiff has met the *de minimis* standard at step two. "The purpose of the second step of the sequential analysis is to enable the Commissioner to screen out totally groundless claims." *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 428 (6th Cir. 2007) (internal quotation marks omitted). The medical record clearly demonstrates Plaintiff has a history of low back and right knee pain associated with past work injuries and subsequent surgeries and thus, his claim of disability due to those impairments is not "groundless". Accordingly, the ALJ's failure to evaluate those impairments at step two was error. *See Lowe*, 2016 WL 624922, at *3.

The Commissioner argues this error was harmless. Although the ALJ failed to consider Plaintiff's back and knee pain at step two, he did make some mention of them in later steps. Specifically, he noted them in the summary of Plaintiff's treating physician, Dr. Berke's opinion, which focused on limitations associated with back and knee pain. *See* T. 23. He also noted Dr. Dave's opinion of Plaintiff's limitations due to his right knee problems. *See* T. 24. However, the ALJ only gave these opinions "little" and "some" weight, respectively. *See* T. 23 ("I give Dr. Berke's assessment little weight because . . . it appears to be based on the historical subjective complaints of a longstanding patient.");

14

T. 24 ("It appears Dr. Dave has based much of her assessment on a remote history of musculoskeletal impairments."). The Court finds that these dismissive statements pertaining to Plaintiff's back pain and right knee pain fail to show the ALJ overcame his step two error by adequately considering Plaintiff's back and knee pain in subsequent steps. *See Jelliffe v. Astrue*, No. 5:11-CV-89, 2012 WL 2047497, at *6 (D. Vt. March 7, 2012) *report and recommendation adopted*, No. 5-11-CV-89, 2012 WL 2047499 (D. Vt. June 4, 2012) (ALJ's step two error was not harmless where he did not properly consider the impairments that were omitted from step two when he assessed plaintiff's RFC and the RFC findings did not properly account for those impairments); *see also Elliott v. Comm'r of Soc. Sec.*, No. 09-1195-HA, 2011 WL 1299623, at *4 (D.Or. March 31, 2011) ("The general proposition that failures at step two may be harmless if the ALJ discusses the impairments and assesses limitations as a result of that impairment, . . ., underscores the significance of the error in this case-the ALJ failed to adequately discuss the impairments at issue, and a determination as to whether plaintiff's limitations were fully assessed in connection with these impairments is impossible to ascertain."). Here, despite the contrary opinions of both Plaintiff's treating physician and the consultative examiner, the ALJ found Plaintiff was capable of standing for six hours in an eight-hour day and walking for six hours in an eight-hour day. T. 21. This, coupled with the ALJ's

15

step two error and his lack of any meaningful discussion of Plaintiff's back and knee pain in subsequent steps, impinges the Court's ability to determine whether or not the ALJ properly considered Plaintiff's back and knee pain. Accordingly, the Court finds the ALJ's determination is not supported by substantial evidence and remand for proper consideration of Plaintiff's back and knee pain at step two is warranted.

## II. Plaintiff's Remaining Arguments

Plaintiff has also argued that the ALJ failed to properly evaluate the opinions of Dr. Berke and Dr. Dave. Having found remand necessary as explained above, the Court need not address Plaintiff's remaining arguments.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Doc. 8) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's opposing motion for judgement on the pleadings (Doc. 11) is denied. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   March 22, 2019
         Rochester, New York